IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES EDWARD WEIMER, )<br>  )<br>  Plaintiff, )<br>  )<br>v.  )<br>  )<br>FRED COLSON SMITH JR.; CHARLES )<br>WHITTINGTON; INAS YACOUB; )<br>URMA NEWBURN; CHUCK MILLER; )<br>EMMIT TAYLOE, in his official capacity as )<br>District Court Judge for the State of Oklahoma; )<br>KYLE CABELKA, in his official capacity as )<br>Comanche County District Attorney; )<br>ERIC PFIEFER, in his individual capacity )<br>and official capacity as Chief Medical )<br>Examiner for the State of Oklahoma; and )<br>LLOYD J. AUSTIN, III, in his official )<br>capacity as Secretary of Defense, )<br>  )<br>  Defendants. ) | Case No. CIV-22-01087-JD |

**ORDER**

Plaintiff filed a pro se prisoner civil rights complaint on December 22, 2022 [Doc. No. 1], asserting claims under 42 U.S.C. § 1983 against numerous defendants for alleged damages he suffered in connection with the prosecution of a criminal charge against him in state court. The Court referred this action to United States Magistrate Judge Amanda Maxfield Green for proceedings consistent with 28 U.S.C. § 636. [Doc. No. 4].

On June 28, 2023, Judge Green issued a Report and Recommendation, recommending that Plaintiff's Complaint be dismissed with prejudice because all of Plaintiff's claims are barred by the statute of limitations. [Doc. No. 10 at 12]. Judge Green advised Plaintiff of his right to object to the Report and Recommendation by July

19, 2023, and explained that Plaintiff's failure to make a timely objection waives his right to appellate review of the factual findings and legal issues in the Report and Recommendation. *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

To date, Plaintiff has not filed an objection to the Report and Recommendation or requested an extension of time to do so. The Court notes that the attempt to serve Plaintiff with the Report and Recommendation at his address of record failed. [Doc. No. 11]. However, Plaintiff is responsible for notifying the Court of any change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4(a); *see also* Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing[.]"); *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact that [plaintiff] is acting pro se does not eliminate this burden.").

The Court therefore **ACCEPTS** the Report and Recommendation [Doc. No. 10] and **DISMISSES** Plaintiff's Complaint with prejudice as it is barred by the statute of limitations.

IT IS SO ORDERED this 9th day of August 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE